UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NICOLE PINEDE,

                  Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

                  Defendant.
----------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
12-CV-06344 (CBA)

AMON, Chief United States District Judge.

    Plaintiff Nicole Pinede, proceeding pro se, brings this action asserting claims of discrimination on the basis of race, gender, national origin, disability, and age and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Pinede seeks to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. For the reasons that follow, Pinede's request to proceed IFP is denied. Should Pinede elect to pursue this action, Pinede is directed to: (1) pay the statutory filing fee of $350 within fourteen (14) days of the date of this Order; and (2) file an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

    Pinede has been employed by the New York City Department of Environmental Protection since 2004. (See Employment History, annexed to Compl.) On February 27, 2012, Pinede alleges that she sent an e-mail to Peter Williamsen, "Chief Division of the Department of Environmental protection laboratories," claiming that her supervisor, Ms. Abeba Negatu, had "harassed, threatened, discriminated and intimidated" her. (Document dated Dec. 2, 2012 ("Compl. Attach.") at 1, attached to Compl.) Mr. Williamsen, she states, "answered [her]

1

complaint by providing [her] with an EEO form." (Id.) Shortly after, in March 2012, Pinede was appointed from the civil service list to a permanent civil service position of Assistant Chemist, subject to a probationary period. (See id. at 1.) During her probationary period, Pinede alleges that she had eye surgery and was absent from work for several days while recovering. Upon her return to work, Ms. Negatu informed her that she would not be paid for some of the days that she was out of work. (See id. at 2.) In addition, she states that her probation period was not extended due to her surgery, even though her co-workers had their probationary periods extended for comparable reasons. (Id.) Pinede also alleges that of the six candidates that were appointed to the Assistant Chemist position at the same time she was, she was "the only candidate to receive a negative evaluation from [her] supervisor for [her] probation period." (Id. at 1.) She claims further that on June 8, 2012, Ms. Negatu "reverted [her] civil service title . . . from assistant chemist to scientist water ecology," and that, later that month, Ms. Negatu filed disciplinary charges against her based on the sick leave she took for her surgery and claiming that she made false entries in the course of her work. (Id. at 1, 3.) Pinede alleges that her coworkers were not likewise disciplined despite engaging in similar conduct. (Id.)

Pinede filed a complaint with the New York State Department of Human Rights ("SDHR"). (Id. at 1.) She fails, however, to state the date that she filed her complaint with the SDHR and the allegations contained within the SDHR complaint. On October 19, 2012, the Equal Employment Opportunity Commission ("EEOC") issued Pinede a Dismissal and Notice of Rights letter, finding that the EEOC had "NO Jurisdiction Char[g]ing Party filed the same charge with the NYSDHR." (emphasis in original). (See Dismissal and Notice of Rights Letter, annexed to Compl.) Pinede filed the instant action, along with a request to proceed IFP, on December 21, 2012.

## DISCUSSION

### I. Request to Proceed IFP

The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. Davis v. N.Y. City Dep't of Educ., No. 10 CV 3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. N.Y. City Health & Hospitals Corp., No. 07 CV 1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that "'[t]he purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs v. County of Westchester, et al., No. 00 Civ. 8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., No. 10 CV 0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Maccaro v. N.Y. City Health & Hospitals Corp., No. 07 CV 1101112, 2007 WL 1101112, at *1 (E.D.N.Y. Apr. 11, 2007); Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

The financial declaration form that Pinede has submitted ("Decl.") does not satisfy the Court that she is unable to pay the Court's filing fee to commence this action. Pinede states that she is presently employed by the New York City Department of Environmental Protection, with a bi-weekly gross salary of $1763.53. (Decl. ¶ 2.) Moreover, Pinede states that she receives $99.17 per month from her deceased husband's pension. (Id. ¶ C.) For financial obligations, Pinede alleges that she has, inter alia, housing, utilities and transportation expenses as well as

3

student loans. (Decl. ¶ 6.) Pinede's declaration establishes that she has sufficient resources to pay the $350 filing fee to commence this action. Her request to proceed IFP is therefore denied, and, accordingly, in order to proceed with this action, Pinede must pay the $350 filing fee.

## II. Discrimination Claims

If Pinede elects to pay the $350 filing fee, the Court advises her that her complaint as presently pleaded fails to state a claim under Title VII, the ADEA or the ADA.

### A. Standard of Review

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

In applying this standard here, the Court is mindful that pro se complaints such as Pinede's are held to less stringent standards than pleadings drafted by attorneys, and that the Court must construe a pro se litigant's pleadings liberally and interpret it as raising the strongest arguments they suggest. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A pro se complaint, moreover, should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d

794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted).

### B. Title VII claims

Pinede claims that defendant discriminated against her based on her race, gender and national origin and unlawfully retaliated against her in violation of Title VII. The allegations contained in her complaint and attached documentation, however, fail to state a prima facie case of either discrimination or retaliation.

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) she is a member of a protected class, (2) she was qualified for the position she held, (3) she suffered an adverse employment action, and (4) that adverse employment action occurred under circumstances giving rise to an inference of discrimination. Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012); Joseph v. N. Shore Univ. Hosp., No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

Here, Pinede fails to properly plead a discrimination claim under Title VII insofar as she alleges no facts that indicate she suffered an adverse employment under circumstances giving rise to an inference of discrimination based on her race, color, religion, sex or national origin. See Rich v. Associated Brands, Inc., 379 Fed. App'x 78, 80, n.1 (2d Cir. 2010) ("Title VII ... protects against discrimination based on an 'individual's race, color, religion, sex, or national origin . . . ."). Her present allegations suggest, at best, that Ms. Negatu demonstrated personal animosity towards her, which alone is insufficient to state a Title VII discrimination claim.

Under Title VII, it is also unlawful for an employer to discriminate against an employee because that employee "has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). The statute thus "prohibits an employer from taking

5

materially adverse action against an employee because the employee opposed conduct that Title VII forbids or the employee otherwise engaged in protected activity." Tepperwein v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568 (2d Cir. 2011). To establish a prima facie case of retaliation, a plaintiff must demonstrate: "'(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'" Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (quoting Jute, 420 F.3d at 173)).

In this case, Pinede fails to state a claim of retaliation because she fails to allege (1) that Ms. Negatu knew about her complaints to Mr. Williamsen; and (2) that she participated in a protected activity for which she was retaliated against. Nowhere in her submissions does Pinede indicate that anyone, aside from Mr. Williamsen and his assistant Mr. Trikam, was aware of her complaint that she was "harassed, threatened, discriminated and intimidated against by Ms. Negatu." (Compl. Attach. at 1.) Nor does she allege that anyone other than Ms. Negatu was responsible for any adverse employment action taken against her. As stated here, moreover, Pinede's allegations are insufficient to establish that she had a "good faith, reasonable belief" that Ms. Negatu's conduct towards her was based on Pinede's race, sex, or national origin and thus that, in complaining about this conduct, she was engaged in a protected activity. See Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1178 (2d Cir. 1996).

### C. ADA Claim

The ADA provides that "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In order to establish a prima facie case of discrimination under the ADA, the plaintiff must demonstrate that: (1) the defendant is subject to the ADA; (2) she suffers from a

qualifying disability; (3) she was otherwise qualified to perform the essential functions of her position with or without a reasonable accommodation; and (4) she was subject to an adverse employment action because of her disability. See Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003); Debell v. Maimonides Med. Ctr., No. 09 CV 3491, 2011 WL 4710818, at *4 (E.D.N.Y. Sept. 30, 2011).

Here, Pinede fails to state a claim of discrimination under the ADA because she alleges neither that she suffers from a qualifying disability nor that she was discriminated against based on her disability. Pinede asserts in her complaint that she had "surgery [and] despite doctor's note [she was] marked AWOL." (Compl. at 3 ¶ 7.) In her attached submission, Pinede clarifies that she had surgery "due to a condition that was affecting [her] vision" that required a few days of sick leave for which she was unpaid and which formed one basis of the disciplinary charges Ms. Negatu brought against her. (Compl. Attach. at 2, 3.) These allegations do not demonstrate that Pinede suffers from a disability within the meaning of the ADA, which requires that she demonstrate: (1) that she suffered from a physical or mental impairment; (2) that "'the life activity' upon which [she] relied . . . constitutes a major life activity under the ADA"; and (3) that her "impairment 'substantially limited' [the] major life activity identified." Jacques DiMarzio, Inc., 386 F.3d 192, 201 (2d Cir. 2004) (quoting Colwell v. Suffolk Cnty. Police Dep't, 158 F.3d 635, 641 (2d Cir. 1998)); Debell, 2011 WL 4710818, at *4.

### D. ADEA Claim

Finally, the ADEA establishes that it is "unlawful for an employer . . . [to] discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, the plaintiff must show: (1) that she was within the protected age group; (2) that she was qualified for her position; (3) that she

experienced an adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010) (citing Carlton v. Mystic Transp. Inc., 202 F.3d 129, 134 (2d Cir. 2000)). Pinede fails to plead any facts sufficient to create a reasonable inference that age discrimination was a determining factor in any employment decisions.

Even under the most liberal construction of Pinede's allegations, she provides no facts that could possibly connect any adverse employment action to a protected status. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "'plausibly suggest an entitlement to relief'" (quoting Iqbal, 556 U.S. at 681)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-21 (2d Cir. 2010) (noting that although Twombly and Iqbal did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible). Nevertheless, to the extent that Pinede wishes to pursue her claims and pays the $350 filing fee, the Court affords her thirty (30) days from the date of this Order to amend her complaint to address the deficiencies discussed above.

### III. Election of Remedies

In addition to these federal claims, the Court notes that in light of her reference to her claim filed with the SDHR, it is unclear whether Pinede intended to pursue any New York State Human Rights Law ("NYHRL") claims in this Court. To the extent that she does, the Court advises her that any such state claims may be barred by the election of remedies provision under § 297(9) of the New York Executive Law, which states:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights . . . provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the

grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9). This provision applies equally to a NYHRL claim "sought to be pursued in federal, as well as state courts." Borum v. Vill. of Hempstead, 590 F. Supp. 2d 376, 382 (E.D.N.Y. 2008).

When a plaintiff has filed a NYHRL discrimination complaint with the SDHR, it is well-settled that she may not bring a subsequent judicial action based on the same incident. See Skalafuris v. City of New York, 437 Fed. App'x 54, 54–55 (2d Cir. 2011); York v. Ass'n of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002); Moodie v. Fed. Reserve Bank, 58 F.3d 879, 882 (2d Cir. 1995); Guardino v. Vill. of Scarsdale Police Dep't, 815 F. Supp. 2d 643, 646-647 (S.D.N.Y. 2011). Section 297(9) "poses an 'insuperable jurisdictional bar' to subsequently raising those claims of discrimination in court." Smith–Henze v. Edwin Gould Servs. for Children & Families, No. 06 Civ. 3049, 2006 WL 3771092, at *3 (S.D.N.Y. Dec. 21, 2006) (quoting Moodie, 58 F.3d at 882–84)). A plaintiff's election of remedies generally "deprives the Court of subject matter jurisdiction over the state law claim of discrimination." Smith-Henze, 2006 WL 3771092, at *3. The only exceptions to this jurisdictional bar "are when the complaint has been dismissed 'on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled.'" Id. (quoting N.Y. Exec. Law § 297(9)).

In her complaint and attached documentation, Pinede provides no information regarding the claims she raised in her SDHR complaint and whether she seeks to raise those same claims here. It is, furthermore, unclear on what grounds the SDHR dismissed her complaint. If Pinede seeks to raise state NYHRL claims before this Court, she must state so explicitly and indicate what claims she brought before the SDHR and on what grounds those claims were dismissed.

## CONCLUSION

For the reasons stated above, Pinede's request to proceed in forma pauperis is denied. Pinede must pay the $350 filing fee within fourteen (14) days of the date of this Order in order to proceed further. If Pinede elects to pay the $350 filing fee, she must file an amended complaint within thirty (30) days from the date of this Order that addresses the deficiencies in her various employment discrimination claims discussed above. The amended complaint must be captioned "Amended Complaint" and bear the docket number noted above and include a short, plain statement of facts sufficient to support a plausible claim that defendant discriminated against her in violation of Title VII, the ADA and the ADEA. Furthermore, Pinede must attach to the Amended Complaint a copy of the charge of discrimination she filed with the SDHR and the decision that was rendered by the SDHR.

No summons shall issue at this time and all further proceedings shall be stayed for fourteen (14) days or until Pinede has complied with this Order. If Pinede fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice. If Pinede pays the $350 filing fee but fails to file an amended complaint within thirty (30) days of the date of this Order, the instant action shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 8, 2013

/S/ Chief Judge Carol B. Amon

Carol Bagley Amon
Chief United States District Judge